IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARIOUS A. MAYS,

      Petitioner,                      No. 2:10-cv-0533 LKK KJN P

   vs.

KEN CLARK, Warden,

      Respondent.                 <u>ORDER</u>

_____/

        Petitioner is a state prisoner proceeding without counsel with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

        On July 6, 2010, petitioner filed a motion to stay this case to allow petitioner to return to state court "to clarify certain portions of litigation." (<u>Id</u>. at 1, citing <u>Rhines v. Webber</u>, 544 U.S. 269 (2005).) Respondent has filed an opposition.

        The instant petition contains only exhausted claims.

        A habeas petitioner may not proceed with a petition that contains both exhausted and unexhausted claims. <u>See</u> <u>Rhines</u>, 544 U.S. at 273. Consequently, petitioner may not amend his petition to add unexhausted claims. Thus, his motion to stay this action pursuant to <u>Rhines</u> must be denied. If petitioner, however, wishes to amend his petition in the future to include unexhausted claims that he currently is exhausting in the state courts, he can file a motion for a

1

stay of the instant proceedings while he exhausts such claims.  See King v. Ryan, 564 F.3d 1133, 1139, 1140 (9th Cir. 2009) (holding district court may stay fully-exhausted petition while petitioner returns to state court to exhaust new claims).  The Ninth Circuit explained "the Kelly procedure," as follows:

> (1) the petitioner amends his petition to delete any unexhausted claims, (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims, and (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.

King, 564 F.3d at 1135.  A petitioner who elects to proceed under the Kelly procedure will be able to amend his petition with his newly exhausted claims if they are timely.  If a petitioner's newly-exhausted claims are untimely, he will only be able to amend his petition to include them if they share a "common core of operative facts" with the claims in his original petition.  King, 564 F.3d at 1141.  In this regard, the Kelly procedure, unlike the Rhines procedure, is a riskier one for a habeas petitioner because it does not protect a petitioner's unexhausted claims from expiring during a stay.  See King, 564 F.3d at 1140-41; see also Duncan v. Walker, 533 U.S. 167, 172-75 (2001) (unlike the filing of a state habeas petition, the filing of a federal habeas petition does not toll the statute of limitations).

Here, petitioner states that he "wasn't allowed to attend the law library until 30 days before [his] Antiterrorism and Effective Death Penalty Act deadline was due." (Mot. at 2.) Because petitioner has refused to identify the claim or even the nature of the claim he wishes to return to state court to exhaust, it is unclear whether petitioner's statute of limitations period has already expired[1] or whether he believes his claim will relate back to claims already raised in the

---

[1] The habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is

1  instant petition.  Thus, the court will not construe the pending motion as a motion to stay under
2  King v. Ryan, but will grant petitioner leave to file such a motion if appropriate.  Petitioner's
3  motion to stay this action under Rhines will be denied without prejudice.
4          On August 4, 2010, petitioner filed a motion seeking a ruling on his motion to
5  stay.  In light of the instant ruling, petitioner's motion will be denied as moot.
6          Good cause appearing, IT IS HEREBY ORDERED that:
7          1. Petitioner's July 6, 2010 motion to stay under Rhines (dkt. no. 20) is denied
8  without prejudice.  Petitioner may file a motion to stay pursuant to King v. Ryan, if appropriate,
9  within thirty days from the date of this order.
10         2. Petitioner's August 4, 2010 motion (dkt. no. 23) is denied.
11 DATED:  August 16, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mays0533.mts

---

26 pending. 28 U.S.C. § 2244(d).